UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRIS THEOPHILE dba<br>CDP SERVICES OF MA,<br><br>*Plaintiff*,<br><br>v.<br><br>DAVID A. CONKLIN, JOHN N. WOLKSTEIN, 70-76 PASSAIC AVENUE, LLC, and FLORHAM PARK SPORTS DOME AND EVENT CENTER, LLC,<br><br>*Defendants*. | CIV. A. NO. 17-cv-10868-FDS<br><br>**Leave to file granted on July 5, 2017** |

### DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER THIS ACTION

Defendants David A. Conklin ("Conklin"), John M. Wolkstein ("Wolkstein"), 70-76 Passaic Avenue, LLC ("Passaic"), and Florham Park Sports Dome and Event Center, LLC ("Florham") (together, the "Defendants"), submit this reply memorandum in further support of their Motion to Dismiss Plaintiff's Complaint or, in the Alternative, to Transfer this Action (the "Motion"). In its Opposition to the Motion (the "Opposition"), Plaintiff Chris Theophile dba CDP Services of MA ("Plaintiff") fails to overcome Defendants' arguments for dismissal or transfer in two significant ways. First, Plaintiff fails to meet his burden of demonstrating that this Court has personal jurisdiction over Defendants. Second, Plaintiff ignores that the New Jersey Licensing Statute applies to defeat Plaintiff's claims. Defendants address each of these points briefly below.

1. **This Court Does Not Have Personal Jurisdiction Over Defendants**

To defeat a motion to dismiss for lack of personal jurisdiction, a plaintiff must do more

than "simply surmise the existence of a favorable factual scenario; he must verify the facts alleged through materials of evidentiary quality." Barrett v. Lombardi, 239 F.3d 23, 27 (1st Cir. 2001) (citations omitted). "Thus, allegations in a lawyer's brief or legal memorandum are insufficient, even under the relatively relaxed prima facie standard, to establish jurisdictional facts." Id. (citations omitted); see Shirokov v. Dunlap, Grubb & Weaver, PLLC, No. CIV.A. 10-12043-GAO, 2012 WL 1065578, at *15 (D. Mass. Mar. 27, 2012) (citations omitted) (granting motion to dismiss for lack of competent evidence establishing jurisdictional facts; assertions in legal memorandum deemed insufficient).

Here, in his Opposition, Plaintiff states that he conducts business in Massachusetts, identifies the existence of an agreement between the parties, and then does nothing more than "simply surmise the existence of a favorable factual scenario" through unsupported allegations in its Opposition. Barrett 239 F.3d at 27. Plaintiff has failed entirely to meet his burden, and the Court should dismiss Plaintiff's Complaint without further consideration.

Nevertheless, even if Plaintiff's allegations had been verified through materials of sufficient evidentiary quality (which they are not), Plaintiff has nonetheless failed to meet his burden of establishing personal jurisdiction over the Defendants for the reasons discussed in Defendants' initial memorandum and below.

### a. Plaintiff Conflates Choice of Law and Forum Selection Provisions

In his Opposition, Plaintiff contends that the agreement at issue in this case contains a forum selection clause. Opp. at p. 2. It does not; it contains only a choice-of-law provision.[1] That provision "point[s] to Massachusetts law as controlling in case of dispute; it d[oes] not

---

[1] Indeed, Plaintiff recognizes the critical distinction between a choice of law and forum selection clause when he states in his Opposition, "the Contract states on its face that it will be governed by the laws of the Commonwealth of Massachusetts. While that language does not create exclusive jurisdiction in Massachusetts . . . ." Opp. at p. 7.

express an agreement of the parties that Massachusetts was to be the exclusive forum in which a legal proceeding could be maintained." Telco Communications, Inc. v. New Jersey State Firemen's Mut. Benev. Ass'n, 41 Mass. App. Ct. 225, 227 (1996).

Plaintiff's erroneous conclusion rests on a misapplication of Jacobson v. Mailboxes Etc. U.S.A., Inc., 419 Mass. 572 (1995), to the facts at issue in this litigation. Specifically, in Jacobson, plaintiffs were franchisees alleging that Mailboxes Etc. had violated certain fiduciary duties and fraudulently induced plaintiffs into signing the franchise agreement. Id. at 573. Unlike the contract at issue in this case, the Jacobson contract contained both a forum selection *and* a choice of law clause, calling for "Venue and jurisdiction for all actions enforcing this agreement . . . to be in the City of San Diego, County of San Diego, California," and for the agreement "to be construed under and governed by the laws of the State of California." Id. at 573. The sole issue in that case was whether the forum selection clause would be enforced, not whether the Massachusetts courts had personal jurisdiction. Plaintiff cites the Jacobson case to state that "Where a choice of law clause in a contract stated that the contract was to be 'governed by' the law of Hong Kong, and not simply in accordance therewith, that was deemed to be a forum selection clause, even in the absence of traditional forum selection language."[2] Opp. at p. 2. Plaintiff's reliance is misplaced. At no point does either Jacobson or the California case it cites suggest that a choice of law clause constitutes a forum selection clause. See id. at 576-77.

As a result, the Court should disregard Plaintiff's efforts to apply a forum selection clause to this litigation where no such clause exists in the relevant agreement.

### b. This Court Does Not Have Jurisdiction Over Conklin and Wolkstein

---

[2] Plaintiff's quotation of Jacobson is a bit confusing insofar as Jacobson did not involve Hong Kong law. Id. Rather, the California case Jacobson cites analyzes a Hong Kong choice of law provision – and that case has no relevance to Plaintiff's contention above. Id. at 576.

3

Plaintiff has also failed to demonstrate jurisdiction over each of the Defendants. Specifically, in his Complaint and subsequent filings, Plaintiff treats the individual defendants and corporate defendants as one amorphous whole. In doing so, Plaintiff ignores a critical distinction: This Court does not possess jurisdiction over the individuals merely by virtue of jurisdiction over the corporate defendants. Rather, as this Court has recognized, personal jurisdiction over the individual Defendants may exist based on one or more of three theories: "(1) that jurisdiction may be based on their activities as corporate officers, acting on behalf of the corporation, (2) that jurisdiction may be based on their activities by disregarding the corporate form; or (3) that jurisdiction may be based on their activities operating independently of the corporation." M-R Logistics, LLC v. Riverside Rail, LLC, 537 F. Supp. 2d 269, 279 (D. Mass. 2008). Plaintiff has not alleged facts sufficient to support any of these theories.

First, personal jurisdiction over the individual Defendants cannot be based merely on jurisdiction over the corporation, and instead requires an inquiry into whether the individual derived some personal benefit. Id. at 280. Plaintiff has alleged no such facts. Second, the corporate form may be disregarded in the event that the individual defendant was the alter ego of the corporation (*e.g.*, commingling personal and corporate funds, failing to observe corporate formalities). Id.; Zimmerman v. Cambridge Credit Counseling Corp., 529 F. Supp. 2d 254, 272 (D. Mass. 2008), aff'd, 613 F.3d 60 (1st Cir. 2010). Again, Plaintiff has alleged no such facts. Third, jurisdiction may be based on the individual Defendants' personal activities "above and beyond their roles as corporate officers." M-R Logistics, 537 F. Supp. 2d, at 280. Once more, Plaintiff has alleged no such facts.

Plaintiff fails to address the differences between the corporate Defendants and individual Defendants in its jurisdictional analysis and, as a result, fails to meet its burden of establishing

that this Court has personal jurisdiction over the individual Defendants. Consequently, the Court should dismiss all claims against the individual Defendants.

### c. Plaintiff Has Not Met Its Burden Of Demonstrating Sufficient Contacts For Specific Jurisdiction

Plaintiff not only fails to demonstrate jurisdiction over the individual Defendants, it also fails to demonstrate jurisdiction over the corporate Defendants. It is Plaintiff's burden to demonstrate sufficient contacts by the Defendants with Massachusetts to support the Court's exercise of specific personal jurisdiction. See Emrit v. Nat'l Grid, Inc., 2016 WL 4083330, at *1 (D. Mass. July 20, 2016). In assessing whether Plaintiff has met this burden, the Court's "primary concern" should be "the burden on the defendant," in particular, the burden "of submitting to the coercive power of a State that may have little legitimate interest in the claims in question." Bristol-Myers Squibb Co. v. Superior Court of Cal., 582 U.S. __, 137 S. Ct. 1773, 1780 (2017). Here, Plaintiff has failed to demonstrate sufficient contacts under both the long arm analysis and the Due Process analysis to justify the onerous burden on Defendants of being haled into court in a state in which they have not set foot for more than 10 years.[3]

Plaintiff states in conclusory terms that jurisdiction exists under the Massachusetts long arm statute, relying solely on the fact that Defendants contracted with Plaintiff, who is located in Massachusetts. Opp. at p. 5. That fact alone is insufficient to establish jurisdiction under the long arm statute. Phillips v. Prairie Eye Ctr., 530 F.3d 22, 28 (1st Cir. 2008) (explaining that "the defendant's awareness of the location of the plaintiff is not, on its own, enough to create personal

---

[3] Other than Plaintiff's Verified Complaint, which contains virtually no jurisdictional allegations, Plaintiff has not submitted a single affidavit or other competent evidence to support a finding of personal jurisdiction. In the event this Court intends to find personal jurisdiction over the Defendants, the Defendants request the opportunity to first depose the Plaintiff, and obtain relevant documents, in order to determine more concretely the facts as they have been alleged and to examine the scope of the Plaintiff's national presence.

jurisdiction over a defendant."); Platten v. HG Bermuda Exempted Ltd., 437 F.3d 118, 136 (1st Cir. 2006) ("the mere fact that a plaintiff entered into a contract with a defendant in the forum state is not in and of itself dispositive of the personal jurisdiction question.").  The fact that Plaintiff is located in Massachusetts simply does not outweigh the facts that Plaintiff was providing services to *New Jersey residents* in connection with a business to be located and conducted *in New Jersey* with financing to be obtained from a *New Jersey* bank.  See Telco Communications, Inc., 41 Mass. App. Ct. at 230-31 (finding no personal jurisdiction in Massachusetts where the "center of gravity of the transaction was in New Jersey" and the transaction had no material impact on the commerce of Massachusetts).

Plaintiff similarly fails to meet its burden under the Due Process analysis.  In its Opposition, Plaintiff argues that Due Process considerations do not warrant dismissal of Plaintiff's claims, relying almost entirely on C.W. Downer & Co. v. Bioriginal Food & Science Corp., 771 F.3d 59 (1st Cir. 2014).  Downer is, however, factually and legally distinguishable.

In Downer, the contact at issue was initiated by a meeting between defendant's de facto chairman of the board and plaintiff at plaintiff's Boston office.  Id. at 63.  Three individuals located in the Boston office, which had 23 employees, handled the work of contacting over 200 potential buyers all over the work (*i.e.,* not solely in the defendant's jurisdiction).  Id. at 64.  The work was extensive, involving a four-year relationship "including intense periods with many exchanges" between the defendant and plaintiff's Boston office.  Id. at 67.  By contrast, here, one individual conducting business in Massachusetts worked to contact a small number of banks – all of which were located in New Jersey –  for financing for a project located in New Jersey – something that he could have done from anywhere.  None of the Defendants have travelled to Massachusetts in more than 10 years, nor have any of the Defendants ever met Plaintiff in

person.  Conklin Affidavit, ¶¶ 10, 15; Wolkstein Affidavit, ¶¶ 9, 13. The factual allegations put forth by the plaintiff in Downer were, moreover, supported by two separate affidavits, attaching seven and eleven exhibits, respectively.  C.W. Downer & Co. v. Bioriginal Food & Science Corp., Civ. No. 1:13-cv-11788-DJC, Docket Nos. 13-14 (Sept. 9, 2013).  Here, Plaintiff has not submitted a single affidavit and relies instead on vague factual allegations and conclusions.

In analyzing the Gestalt factors, the Downer court does recognize that "Massachusetts has 'significant interests' in providing a convenient forum for disputes involving its citizens." Id. at 70.  Significantly, however, the defendant in Downer did not present any interest to counter this public policy consideration.  Id.  In contrast, the public policy considerations in the present case have been statutorily recognized and ought to be given significant weight, as explained more fully below.  See below, Section 2.

Telco Communications, 41 Mass. App. Ct. 225, is instructive.  There, Telco Communications, Inc. ("Telco"), a Rhode Island corporation with a usual place of business in Massachusetts, provided fund raising services to the New Jersey State Firemen's Mutual Benefit Association ("FMBA"), pursuant to a signed agreement.  Id. at 226.  Telco brought a breach of contract claim against FMBA in Massachusetts state court, and FMBA moved to dismiss for lack of personal jurisdiction.  Id.  As in this case, the contract at issue in Telco contained a choice of law clause, and as in this case, the plaintiff attempted to characterize it as a forum selection clause.  Id. at 227-28.  However, analyzing the language, which is almost identical to language at issue in this case, the Massachusetts Appeals Court identified and interpreted the clause as a mere choice of law provision.  Id.

The Court then moved to the long arm and Due Process jurisdictional analyses and found that jurisdiction was lacking under both.  Id. at 229-33.  This finding was based primarily on the

fact that the "center of gravity of the transaction" was determined to be in New Jersey, with the subject matter of the contract located in New Jersey and the impact in commerce felt in New Jersey. Id. at 230-31. Here, the center of gravity is similarly located in New Jersey, and compels an identical conclusion. As in Telco, the Court should find that Plaintiff has not carried its burden of demonstrating personal jurisdiction.

### 2. This Court Must Apply The New Jersey Licensing Statute

In its Opposition, Plaintiff contends that "the New Jersey statute is inapplicable" because of the choice of law provision agreed to by the parties. Opp. at 11. This contention is incorrect, and amounts to an assertion that parties by contract can waive the protection of a State's licensing laws. Plainly, they cannot do so, directly or indirectly.

A federal court hearing a case in diversity must apply the choice of law rules of the forum state. See Klaxon v. Stentor Electric Manufacturing Co., Inc., 313 U.S. 487, 496 (1941). Massachusetts is the forum state in this action, and Massachusetts courts will honor the parties' choice of law provision unless its application would be "contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which . . . would be the state of the applicable law in the absence of an effective choice of law by the parties." Shipley Co. v. Clark, 728 F. Supp. 818, 825 (D. Mass. 1990) (citing Restatement (Second) of Conflict of Laws, § 187 (2)(b)(1971)); see also Clarendon Nat'l Ins. Co. v. Arbella Mut. Ins. Co., 60 Mass. App. Ct. 492 (Mass.App.Ct.2004) (explaining that the Massachusetts courts' "functional approach" to choice of law questions is "explicitly guided by the Restatement). The New Jersey licensing statute, N.J.S.A. 45:15-1, has been recognized as a strong public policy in New Jersey. Tanenbaum v. Sylvan Builders, Inc., 29 N.J. 63, 71 (1959) ("The licensing act is a regulatory measure and represents the strong public policy

of our State"); Sammarone v. Bovino, 395 N.J. Super. 132, 138 (App. Div. 2007) (explaining the policy underlying the licensing act is to protect consumers); Zaid v. Island House Condo. Ass'n, 170 N.J. Super. 206, 209–10 (Ch. Div. 1979).  Because the licensing statute is part of the substantive law of New Jersey, it must be followed in state or federal courts outside of New Jersey as well.  Weston Funding Corp. v. Lafayette Towers, Inc., 550 F.2d 710, 714 (2nd Cir. 1977).  "The New Jersey statute does not close only some of the courts in New Jersey or even all of the courts in New Jersey; rather, its effect is to void the underlying cause of action."  Id. Plaintiff offers no explanation as to why the New Jersey licensing statute does not bar his claims and even suggests that he should be allowed to maintain this action in Massachusetts precisely because the New Jersey courts would not allow it.  Weston Funding categorically rejects such an argument.  See Id.

     Here, Massachusetts courts should honor the parties' contractual choice of law provision only to the extent that it does not interfere with New Jersey's strong public policy as articulated in the licensing statute.  As Plaintiff points out in its Opposition, Massachusetts does not have a similar statute.  Opp. at 11.  New Jersey's public policy interest in requiring the licensing of real estate brokers who engage in mortgage transactions, codified in the licensing statute, outweighs any general interest that Massachusetts may have in deciding this case.[4]  Therefore, applying the choice of law analysis laid out in the Restatement and followed by Massachusetts courts, and contrary to Plaintiff's position in its Opposition, the licensing statute must apply regardless of the parties' contractual choice of law provision.  As a result, even if the Court finds personal jurisdiction, which it should not, the case must be dismissed on the grounds that Plaintiff was

---

[4] An analogy may be drawn here to the public policy of M.G.L. c. 93A.  In Stagecoach Transp. Inc. v. Shuttle, Inc., the Massachusetts Appeals Court enforced a New York choice of law provision, but carved out claims arising under M.G.L. c. 93A on the grounds that they were based on "unfair and deceptive acts" which "did not arise under the contract."  50 Mass. App. Ct. 812, 818-19 (2001).

9

precluded from bringing it in the first place under the New Jersey licensing statute.

## CONCLUSION

For the reasons articulated above and in Defendants' Motion, Defendants' Motion should be allowed and the case should be dismissed pursuant to Rule 12(b)(2), transferred pursuant to 28 U.S.C. § 1404, or dismissed pursuant to Rule 12(b)(6).

Respectfully submitted,

DAVID A. CONKLIN,
JOHN M. WOLKSTEIN,
70-76 PASSAIC AVENUE, LLC, and
FLORHAM PARK SPORTS DOME
AND EVENT CENTER, LLC

By their attorneys,

*/s/Nicole Corvini*
Russell Beck, BBO No. 561031
   *rbeck@beckreed.com*
Nicole Corvini, BBO No. 670587
   *ndaly@beckreed.com*
*Hannah T. Joseph*, BBO No. 688132
   *hjoseph@beckreed.com*
Lauren Corbett, BBO No. 696628
   *lcorbett@beckreed.com*
BECK REED RIDEN LLP
155 Federal Street, Suite 1302
Boston, Massachusetts 02110
Phone: (617) 500-8660

Dated:  July 20, 2017                    Fax: (617) 500-8665

## CERTIFICATE OF SERVICE

I, Nicole Corvini, hereby certify that the foregoing document, filed on July 20, 2017, through the Court's CM/ECF system, will be served on electronically on all parties of record, and any party not receiving electronic notice will be served by First Class Mail.

*/s/Nicole Corvini*
Nicole Corvini
