UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CHRIS THEOPHILE d/b/a CDP SERVICES OF MA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID A. CONKLIN, JOHN N. WOLKSTEIN, 70–76 PASSAIC AVENUE, LLC, and FLORHAM PARK SPORTS DOME AND EVENT CENTER, LLC,<br><br>Defendants. | Civil Action No.<br>17-10868-FDS |

MEMORANDUM AND ORDER ON MOTION TO DISMISS
OR, IN THE ALTERNATIVE, TO TRANSFER

**SAYLOR, J.**

This is a contract action. Plaintiff Chris Theophile has brought suit against his former clients for allegedly failing to compensate him for procuring a loan approval to finance the construction of a sports and events center in New Jersey. The complaint alleges four counts arising under state law for breach of contract, breach of warranty, unjust enrichment, and unfair and deceptive practices in violation of Mass. Gen. Laws ch. 93A.

Defendants have moved to dismiss the action on the bases that this Court lacks personal jurisdiction under Fed. R. Civ. P. 12(b)(2) and that the complaint fails to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). In the alternative, defendants seek a transfer of this action to New Jersey under 28 U.S.C. § 1404(a). For the following reasons, defendants' motion will be denied.

**I.     Background**

Unless otherwise noted, the facts are set forth as alleged in the complaint.

Chris Theophile is an individual doing business as CDP Services of MA. He is a Massachusetts resident. Defendants David Conklin and John Wolkstein are New Jersey residents. Defendants 70–76 Passaic Avenue, LLC and Florham Park Sports Dome and Event Center, LLC are limited liability companies organized in New Jersey. Conklin and Wolkstein are members of, and hold a majority interest in, Passaic and Florham.

On September 5, 2014, Wolkstein, Conklin, and Florham entered into an exclusive brokerage agreement with CDP under which CDP would seek to obtain approximately $4.7 million in loan financing to build a sports and events center in New Jersey. (Compl. Ex. A). The agreement provided that it "shall be governed and construed in accordance with the laws of The Commonwealth of Massachusetts." (*Id.*).

On April 21, 2016, allegedly through the efforts of CDP, Passaic and Florham were approved for financing by Crown Bank for a loan in the amount of approximately $9.9 million. (Compl. Ex. B). Conklin and Wolkstein were named as guarantors on the approval letter. (*Id.*). On May 25, 2016, Conklin sent Theophile an e-mail informing him that he was rejecting the terms of the Crown Bank loan and purporting to terminate the brokerage agreement. Despite that representation, defendants allegedly closed on financing under the loan approval obtained by CDP and have begun receiving loan disbursements.

According to sworn affidavits submitted by defendants, Wolkstein and Conklin conducted all business with CDP by telephone, e-mail, and fax, and neither defendant ever traveled to Massachusetts to meet with Theophile. (Wolkstein Aff.; Conklin Aff.). Conklin contends that he works full-time and participates extensively in his children's extracurricular

activities, and therefore being subject to litigation in Massachusetts would impose a burden on him. (Conklin Aff.). Wolkstein contends that he is self-employed and assists in the care of his elderly father who resides in a nursing home, and therefore litigation in Massachusetts would likewise impose a burden on him. (Wolkstein Aff.).

On April 20, 2017, Theophile filed the complaint in this action in Massachusetts state court. On May 15, 2017, defendants removed the action to this Court. The complaint alleges four counts under state law for (1) breach of contract, (2) breach of warranty, (3) unjust enrichment, and (4) unfair and deceptive practices in violation of Mass. Gen. Laws ch. 93A.

Defendants have moved to dismiss the action under Fed. R. Civ. P. 12(b)(2) and Fed. R. Civ. P. 12(b)(6). In the alternative, defendants have requested that the Court transfer the action to New Jersey under 28 U.S.C. § 1404(a).

## I.     Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction

A plaintiff bears the burden of establishing that the court has personal jurisdiction over the defendants. *See Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 290 F.3d 42, 50 (1st Cir. 2002).[1] To establish personal jurisdiction in Massachusetts, a plaintiff must show that that the requirements of the Massachusetts long-arm statute are met and that the exercise of jurisdiction is consistent with constitutional due process. *Id.* at 52; *Intech, Inc. v. Triple "C" Marine Salvage, Inc.,* 444 Mass. 122, 125 (2005). Due process requires that a plaintiff alleging specific personal jurisdiction establish the existence of three conditions.

First, the claim underlying the litigation must directly arise out of, or relate to,

---

[1] Where, as here, the court is called to make a jurisdictional assessment without first holding an evidentiary hearing, the *prima facie* standard is applied. *See United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 618 (1st Cir. 2001). Under that standard, the court takes plaintiff's "properly documented evidentiary proffers as true and construe[s] them in the light most favorable to [the plaintiff's] jurisdictional claim." *A Corp. v. All American Plumbing, Inc.*, 812 F.3d 54, 58 (1st Cir. 2016). Facts offered by the defendant "become part of the mix only to the extent that they are uncontradicted." *Astro-Med, Inc. v. Nihon Kohden Am., Inc.*, 591 F.3d 1, 8 (1st Cir. 2009) (quoting *Adelson v. Hananel,* 510 F.3d 43, 48 (1st Cir. 2007)).

>the defendant's forum-state activities. Second, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable. Third, the exercise of jurisdiction must be reasonable.

*Copia Commc'ns, LLC v. AMResorts, L.P.*, 812 F.3d 1, 4 (1st Cir. 2016) (quoting *Phillips v. Prairie Eye Ctr.,* 530 F.3d 22, 27 (1st Cir. 2008) (alterations omitted)).

Plaintiff contends that this Court has personal jurisdiction under § 3(a) of the Massachusetts long-arm statute. Section 3(a) provides that "[a] court may exercise personal jurisdiction over a person . . . as to a cause of action in law or equity arising from the person's (a) transacting any business in this commonwealth . . . ." Mass. Gen. Laws ch. 223A, § 3. In order for jurisdiction to exist under that subsection, (1) defendants must have transacted business in Massachusetts and (2) plaintiff's claim must have arisen from defendants' transaction of such business. *See Tatro v. Manor Care, Inc.,* 416 Mass. 763, 767 (1994).

Here, defendants signed a contract with, placed telephone calls to, sent e-mails and fax messages to, and otherwise conducted business with a person who resides in Massachusetts and who conducts business under the name "CDP Services of MA." The contract provided that Massachusetts law governed its terms. The contract did not specify where plaintiff was to perform the services for which he was engaged, but it is reasonable to infer that he did so from his home or place of business in Massachusetts. Those factors strongly suggest that defendants transacted business in Massachusetts. Contrary to defendants' contention, the fact that they were never physically present in Massachusetts is relevant but not dispositive. Section 3(a) does not require "that the business transacted have taken place within the physical bounds of the commonwealth." *Bond Leather Co. v. Q.T. Shoe Mfg. Co.*, 764 F.2d 928, 932 (1st Cir. 1985). Instead, it is sufficient that defendants engaged a Massachusetts resident to render services in

Massachusetts for a significant period under a contract applying Massachusetts law. Accordingly, the requirements of the long-arm statute are satisfied.

Furthermore, "traditional notions of fair play and substantial justice" will not be offended by the assertion of jurisdiction over defendants. *Copia Commc'ns, LLC v. AMResorts, L.P.*, 812 F.3d 1, 4 (1st Cir. 2016) (quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)). Again, defendants signed a contract with plaintiff that contains a choice-of-law provision under which the terms of the contract are to be "governed and construed in accordance with the laws of The Commonwealth of Massachusetts." The contract was significant in terms of both scope and duration. It engaged plaintiff's services to obtain a multi-million dollar loan and was in effect for almost two years prior to defendants' attempt to terminate it. By signing that contract with a Massachusetts resident and submitting to Massachusetts law to govern its terms, defendants purposefully availed themselves of the laws of the Commonwealth and otherwise satisfied the requirements of due process.

Accordingly, the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) will be denied.

**II.** **Motion to Transfer**

In the alternative, defendants contend that the action should be transferred to New Jersey where, according to them, the center of gravity of this case lies.

A defendant seeking transfer has the burden to show that it is warranted under 28 U.S.C. § 1404(a). A court considering a motion to transfer should ascribe "great weight" to a plaintiff's choice of forum. *Fairview Mach. & Tool Co., Inc. v. Oakbrook Int'l, Inc.,* 56 F. Supp. 2d 134, 141 (D. Mass. 1999) (quoting *Brookfield Mach., Inc. v. Calbrit Design,* 929 F. Supp. 491, 501 (D. Mass. 1996)). "Other factors to consider include the convenience of the parties and witnesses, the availability of documents and the interests of justice." *Id.*

Defendants principally argue that transfer is warranted for the convenience of potential witnesses located in New Jersey.  They contend that they themselves are witnesses residing in New Jersey and that there are likely to be third-party witnesses who are employed by New Jersey banks.  Plaintiff responds that at least himself and one potential third-party witness is located in Massachusetts.  It is well-settled that where the effect of transfer would merely "shift the inconvenience from one party to the other," as appears to be the case here, transfer is "inappropriate."  *Sigros v. Walt Disney World Co.,* 129 F. Supp. 2d 56, 71 (D. Mass. 2001).  While Massachusetts may be a less convenient forum for defendants than New Jersey, they have not carried their burden to overcome the presumption in favor of plaintiff's choice of forum.

Accordingly, plaintiff's motion to transfer will be denied.

### III.     Rule 12(b)(6) Motion to Dismiss

Finally, defendants contend that the complaint should be dismissed for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

On a motion to dismiss for failure to state a claim made pursuant to Fed. R. Civ. P. 12(b)(6), the Court "must assume the truth of all well-plead[ed] facts and give the plaintiff the benefit of all reasonable inferences therefrom."  *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007).  To survive a motion to dismiss, the complaint must state a claim that is "plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.* at 555 (citation omitted).  Dismissal is appropriate if the complaint fails to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory."  *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008) (quoting

*Centro Médico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir. 2005)).

First, defendants contend that plaintiff's claims are barred under New Jersey law, which, according to them, requires a broker to have a license in order to maintain an action for a commission. Whether or not that law applies, the motion cannot be granted on that basis. Defendants have attached documents to the motion to dismiss that purport to show that plaintiff lacks a license. Of course, on a motion to dismiss the Court can consider only facts alleged in the complaint or documents fairly incorporated therein. *See Rivera v. Centro Medico de Turabo, Inc.*, 575 F.3d 10, 15 (1st Cir. 2009). Plaintiff's argument relies on facts that are not properly before the Court at this early stage of the proceeding.

Second, defendants contend that the complaint should be dismissed against Passaic, as that defendant is not a party to the contract. However, the complaint alleges claims under both contractual and quasi-contractual theories, and appears to state at least a plausible claim against that defendant sufficient to survive a motion to dismiss.

Accordingly, the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) will be denied.

## IV.     Conclusion

For the foregoing reasons, defendants' motion to dismiss or, in the alternative, to transfer is DENIED.

**So Ordered.**

Dated: July 24, 2017

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge